IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jane Doe, *et al*, ) | | |
|     Plaintiffs, ) | Case No. 23 CV 15221 | |
| ) | | |
| v. ) | Honorable Andrea Wood | |
| ) | | |
| CHICAGO BOARD OF EDUCATION, ) | | |
| et al., ) | | |
|     Defendants. ) | | |

**THE BOARD'S MOTION TO STAY**
**THIS CASE (CONTESTED)**

Defendant Board of Education of the City of Chicago respectfully requests that this Court stay all proceedings in this case until the end of Defendant Andrew Castro's pending criminal cases. In support of this motion, the Board states the following:

1. Plaintiffs are parents suing on behalf of their minor children, who were students at Chicago Public Schools. The Board runs Chicago Public Schools, and Andrew Castro was a teacher there.

2. On October 23, 2023, Plaintiffs filed their complaint, alleging that Mr. Castro sexually abused the minor children. Plaintiffs bring federal claims pursuant to 42 U.S.C. § 1983 and Title IX against Mr. Castro and the Board. See *ECF 1, pp. 17-22*. They also assert state law claims against Mr. Castro and the Board *(ECF 1, pp. 22-34)*. Plaintiffs seek monetary damages from both Defendants.

3. Mr. Castro has not filed an appearance in this case.

4. In July of 2023, Mr. Castro was indicted in three criminal cases involving felony charges of predatory criminal sexual assault (and other sex crimes). Mr. Castro is

in custody in Cook County Jail, with no bond, while he awaits trial on those charges. So far, the Board has identified the following criminal cases:

| | |
|---|---|
| *People v. Castro* | 23 CR 0760701 |
| *People v. Castro* | 23 CR 0760801 |
| *People v. Castro* | 23 CR 0760701 |

Those cases are pending before Judge Domenica Stephenson in the Criminal Division of the Circuit Court of Cook County. His criminal cases appear to involve much of the same alleged conduct that Plaintiffs have alleged in their complaint in this civil lawsuit.

5. Because the current civil case involves some, if not all, of the same allegations and conduct that are at issue in Mr. Castro's criminal proceedings, the Board anticipates testimony and other evidence from Mr. Castro's criminal proceedings will be relevant to the issues in this case. Accordingly, the potential for federal-state friction is evident, and any orders in this case could disrupt the pending criminal cases. *See Simpson v. Rowan*, 73 F.3d 134, 137-38 (7th Cir. 1995). Under the abstention doctrine set out in *Younger v. Harris*, 401 U.S. 37 (1971), federal courts should not entertain a claim for damages under 42 U.S.C. §1983 if disposition of that civil action would involve ruling on issues in dispute in a pending state criminal proceeding. The Court of Appeals has extended the *Younger* abstention doctrine to federal suits seeking monetary relief for civil claims that arise out of the alleged misconduct that is at issue in a pending state criminal case. *Simpson*, 73 F.3d at 137-38. *See Doe v. City of Chicago*, 360 F. Supp. 2d 880, 881 (N.D. Ill. 2005)(granting stay because the criminal charges "pertain to the same time period and same general sets of allegations made in the Plaintiff's civil suit").

2

6. This Court has broad discretion to enter a stay. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

7. In determining whether to stay a civil case based on the existence of criminal proceedings, courts consider six factors: (1) whether the civil action involves the same subject matter as the criminal matter, and whether the government initiated both proceedings; (2) the posture of the criminal proceeding; (3) the public interests at stake; (4) judicial efficiency; (5) any prejudice that a stay would cause the civil plaintiff; and (6) any prejudice that defendants will suffer without a stay. *Doe,* 360 F. Supp. 2d at 881.

8. Here, those six factors favor a stay.

   a. **First Factor: Same Matters.** It appears that the civil and criminal matters involve the same subject matter. Mr. Castro is in all of the cases, but no one else is a party in all of the proceedings.

   b. **Second Factor: Posture.** In the criminal proceedings, the government has obtained indictments and Mr. Castro has been arraigned. Mr. Castro is in custody. Those criminal cases are in their pretrial phase. In those criminal cases, the judge has not set trial dates.

   c. **Third Factor: Public Interest.** A stay of this civil case serves two important public interests: safeguarding Fifth Amendment protections (*Jones v. City of Indianapolis*, 216 F.R.D. 440, 452 (S.D. Ind. 2003) (noting the public's "important interest" in "untainted" criminal prosecutions)) and ensuring that civil

3

disputes are fairly decided on a full factual record. *Cf. Edwards v. Atrium Village*, 127 F.R.D. 494, 499 (N.D. Ill. 1989) (noting the "important public interest" in having an issue decided "on the basis of a full factual record").

        d.      **Fourth Factor: Efficiency.** A stay of the civil proceedings would promote judicial efficiency by avoiding motion practice to resolve the privilege issues that could arise during the pendency of Mr. Castro's criminal cases. Moreover, as mentioned above, the criminal cases will have a significant impact on the determination of key issues in this civil case. Entry of a stay would help clarify and narrow the issues for the parties.

        e.      **Fifth Factor: Prejudice, Plaintiffs.** Plaintiffs filed this case in late 2023, long after the underlying incidents. Mr. Castro has not appeared in this case yet. Mr. Castro was arraigned in July of 2023, and the criminal cases are ongoing. Given this timeline, there will be no discernable prejudice to Plaintiffs if their civil case is stayed pending the disposition of Mr. Castro's criminal cases.

        f.      **Sixth Factor: Prejudice, Defendants.** Here, there are two defendants.

            i.      **Defendant Castro.** Although the Board cannot speak for Mr. Castro, it seems that Mr. Castro would be prejudiced by an inability to defend himself meaningfully in this civil case while his criminal cases are pending. That is, if this civil case is not stayed, Mr. Castro would need to file a responsive pleading and answer discovery, and it seems likely that he would invoke the Fifth Amendment, which then creates a significant risk of unfair prejudice. The United States Supreme Court has interpreted the Fifth

4

Amendment to protect an individual from being involuntarily called to testify against himself in a criminal prosecution and from being required to answer official questions in any other proceeding where the answers may incriminate him. *See Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973).

ii. **Defendant Board.** The Board would be prejudiced because the Board would not be able to defend itself based on a full factual record, given that Mr. Castro presumably will not testify while his criminal cases are pending.

Here, all six factors support the issuance of a stay.

9. In connection with this stay request, the Board proposes that the parties could file status reports every ninety days -- or on any schedule the Court directs -- to advise whether Mr. Castro's criminal cases are still pending.

10. On November 28, 2023, Counsel for the Board (Thomas Doyle) contacted Counsel for Plaintiffs (Patrycza Karlin) by telephone, to ask if Plaintiffs intended to oppose this motion. Ms. Karlin said that Plaintiffs intend to oppose this motion.

WHEREFORE, the Board respectfully requests that the Court stay all proceedings in this case until the criminal cases are completed.

Respectfully submitted,

**DEFENDANT BOARD OF EDUCATION OF THE CITY OF CHICAGO**

November 29, 2023 /s/ Thomas A. Doyle

Ruchi Verma, General Counsel
Thomas A. Doyle, Assistant Deputy General Counsel
Board of Education of the City of Chicago, Department of Law
One North Dearborn Street, Suite 900
Chicago, Illinois 60602
773-553-1720
tadoyle2@cps.edu

**Certificate of Service**

I certify that on November 29, 2023, I caused a copy of the foregoing document to be served upon Counsel of Record, via the Court's electronic filing system.

/s/ Thomas A. Doyle